UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-cv-247-JMH

STEPHEN A. WRIGHT                                      PLAINTIFF

V.                          **OPINION & ORDER**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                  DEFENDANT

\* \* \* \* \* \* \* \*

The plaintiff, Stephen A. Wright, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for a period of disability and disability insured benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

    (1)   If the claimant is currently engaged in substantial gainful activity, he is not disabled.

1

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*. The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by

substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id*. Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**II. WRIGHT'S MEDICAL HISTORY AND THE ADMINISTRATIVE RECORD**

Wright filed this claim for period of disability and disability insurance benefits on July 12, 2010 [TR 147]. He claims that he became disabled and unable to work on May 28, 2008 due to

3

diabetes, neuropathy and poor eyesight, disabling fatigue and depression [TR 184, 194, 202]. Wright is a high school graduate with some college education and past relevant work in kitchen sales and carpentry [TR 32-33, 54]. On the onset date of his alleged disability, Wright was fifty-three years old [TR 147].

His initial claim was denied, and Wright subsequently requested a hearing before an Administrative Law Judge ("ALJ") [TR 103]. A hearing was held on December 8, 2011 [TR 27-62]. At that time, Wright testified that his last day of work was March 12, 2008, when he relocated from Maine to this area where his wife and daughter live [TR 32-34]. He explained that while he initially looked for employment, he ultimately stopped looking due to his health [TR 34]. He then testified that his health deteriorated further in early 2010, due to his diabetes, neuropathy, and blood pressure [TR 35].

Also at the hearing, the ALJ heard testimony from the vocational expert ("VE"), Laura Whitten. She was asked to consider the following hypothetical individual who can

> lift or carry 25 pounds on a frequent basis or 50 pounds occasionally. He can stand or walk for six hours out of an eight-hour day or sit for six hours out of an eight-hour day. He should never be [sic] expected to climb a rope, ladder or scaffold. He can perform other types of climbing on a frequent basis. Additionally, please assume that this gentleman has to avoid concentrated exposure to hazards such as working at unprotected heights or around dangerous moving machinery.

[TR 55-56]. Based on these hypothetical limitations, and assuming

4

an individual with Wright's vocations factors, the VE testified that Wright could perform his past relevant work in kitchen sales [TR 56].

After considering all the evidence in the administrative record, including the testimony of Wright and Whitten, the ALJ issued a decision finding Wright not disabled on March 18, 2013 [TR 9-25]. In reaching his decision, the ALJ first determined that Wright meets the insured status requirements of the Social Security Act through December 31, 2013 [TR 16]. The ALJ then began his analysis at step one by determining that Wright has not engaged in substantial gainful activity since May 28, 2008 ( the alleged onset date) [TR 16].

At step two, the ALJ found that Wright suffers from the severe impairments of hypertension and insulin dependent diabetes mellitus with neuropathy [TR 16]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 18]. *See* 20 C.F.R. pt. 404, subpt. p, app'x 1. Next, the ALJ determined Wright's residual functional capacity, or RFC. An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that Wright has the RFC

to perform the exertional and nonexertional demands of medium work, except he could lift/carry 50 pounds occasionally and 25 pounds frequently, could sit or stand up to 4 hours at one time, could never climb ladders, ropes or scaffolds, could frequently perform other climbing activities, and should avoid even moderate exposure to workplace hazards, including unprotected heights and dangerous moving machinery [TR 18]. Based on the testimony of the VE, the ALJ determined at the fourth step that Wright could perform his past relevant work in kitchen sales [TR 21, 55-56]. As a result, the ALJ found that Wright was not disabled from May 28, 2008 through the date of her decision [TR 22].

Wright subsequently requested review by the Appeals Council [TR 8-10]. The Appeals Council denied Wright's request for review on June 24, 2013 [TR 1-3]. He has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. ANALYSIS

The Court now turns to Wright's arguments on appeal. Wright first argues that the ALJ failed to properly evaluate the medical source opinion of his treating physician, Jordan Prendergast, D.O. Specifically, in a medical statement signed by Dr. Prendergast and Rachel Powell, Advanced Registered Nurse Practitioner ("ARNP"), they opined that Wright could not work eight hours per day, but that he could sit and stand for 4 hours at a time [TR 21, 391-92].

The AL, however, gave little weight to this medical statement for several reasons.

First, the ALJ noted that it was internally contradictory because it indicated that Wright could sit and stand for four hours at a time, which totals eight hours, yet indicated that he could only work four to six hours. Second, the ALJ found that the opinion was "inconsistent with clinical findings on examination." Finally, the ALJ indicated that the medical opinion was inconsistent with the "level of treatment provided" [TR 21].

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters*, 127 F.3d at 530-31; *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to

7

controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

In the Sixth Circuit, however, a treating source opinion should be given controlling weight only when it is well-supported

by clinical and laboratory findings, and is consistent with other evidence of record. *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984); *Crouch v. Secretary of Health and Human Services*, 909 F.2d 852, 856 (6th Cir. 1990); *see also*, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996).

While Wright argues that Dr. Prendergast was a treating physician entitled to controlling weight, the medical record does not support this finding. Wright received most of his medical care at the Whitehouse Clinic, which offers reduced rates to clients in need [TR 40, 232-48, 326-46, 373-90, 1043-59]. However, there is

9

only one treatment note from Whitehouse Clinic signed by Dr. Prendergast, dated December 2011 -- months after he signed the medical statement [TR 1050-52]. Wright has not offered any evidence of a treating physician relationship with Dr. Prendergast as contemplated by the regulations. Thus, as a physician who examined Wright only once, Dr. Prendergast's opinion is not entitled to any special deference or consideration. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Accordingly, the ALJ did not err in failing to afford Dr. Prendergast's opinion controlling weight.

The majority of treatment Wright received at the Whitehouse Clinic was provided by Rachel Powell, Advanced Registered Nurse Practitioner. The ALJ did not err in failing to accord Nurse Powell's opinion controlling weight. Even as an Advanced Registered Nurse Practitioner, she is not considered an "acceptable medical source" within the meaning of 20 C.F.R. § 404.1502("other health care providers who are not acceptable medical sources"). *See also*, SSR 06-03p, 2006 WL 2329939 (S.S.A.). Her opinion is not a "medical opinion," and thus is not entitled to any controlling weight. *Id*; 20 C.F.R. 404.1527(d).

Wright also challenges the weight the ALJ gave to the opinion of Dr. Rogers, a one-time consultative examiner. The opinions of a consultative examiner are evaluated just as any other medical

opinion, taking into account the consultant's specialty, the supporting evidence and explanations and other factors. *See* 20 C.F.R. § 404.1527(e)(2)(ii). Dr. Rogers examined Wright in October 2012, and diagnosed him with diabetes mellitus with peripheral neuropathy and fatigue [TR 347-49]. He noted a small dry patch of skin on Wright's left foot, but no ulcers or wounds [TR 348]. He found also found the following: normal strength in all muscle groups, normal gait and station, ability to rise from a sitting position without assistance, stand on tiptoes, heels and tandem walk, bend and squat without difficulty, normal grip strength with adequate dexterity and ability to grasp with hands [TR 349]. Based on his examination, he opined that Wright could sit, walk, or stand for a full workday, and lift and carry objects without limitations [TR 349]. Dr. Rogers' opinion was consistent with the findings of the state agency medical consultants who opined that Wright was capable of a limited range of medium exertional level work [TR 21, 63-70, 74-84]. The state agency medical consultants are a highly qualified physicians who are experts in Social Security disability evaluations. *See* 20 C.F.R. § 416.927(e)(2)(i); *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001). Thus, substantial evidence supports the ALJ's reliance on the opinion of Dr. Rogers and the state agency medical consultants.

Finally, Wright argues that the ALJ failed to properly evaluate his credibility. The ALJ noted that while the overall

11

record supporting a finding of underlying medical conditions, Wright's statements concerning the intensity, persistence and limiting effects were not credible to the extent that they were inconsistent with the RFC assessment [TR 19]. At the outset of her opinion, the ALJ noted that Wright had a "sporadic lifetime earnings history, with multiple gaps in earnings" [TR 16], including two and three year periods from 1983 through 1995 where he did not work or earned under $2,000 per year. Thus, for many years, Wright was not a regular participant in the workforce. However, there is evidence that he worked to some extent even after his alleged onset of disability. In a treatment note from November 2011, Wright stated that "he walks and works in a door yard, but otherwise is not working like he was" [TR 1035]. The ALJ is allowed to consider a claimant's inconsistent prior work record when evaluating the intensity and persistence of a claimant's symptoms. *See* 20 C.F.R. §404.1529(c)(3).

The ALJ also considered Wright's demeanor at the hearing. Wright testified that the pain in his left foot was at a level 8; however, the ALJ noted that he did not appear to be in any outward distress and responded appropriately to all questioning without distraction [TR 19, 27-62]. It is entirely appropriate for the ALJ to observe the demeanor of a claimant, and the ALJ's credibility conclusions are entitled to deference. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Finally, the fact that Wright received conservative treatment and did not follow up on referrals to a diabetes center for additional evaluation and treatment supports the ALJ's finding that his complaints were not fully credible.  In conclusion, the ALJ is in the best position to observe the demeanor of a claimant and to evaluate the credibility of their testimony in light of the record. *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1988).  Upon review, the Court finds that there is substantial evidence to support the ALJ's credibility determination.

In sum, Wright has failed to meet his burden of proving that his condition caused more disabling limitations than those found by the ALJ.  The ALJ properly considered the relevant evidence and properly analyzed all the evidence in accordance with the sequential evaluation process.  As set out above, substantial evidence supports the ALJ's findings, and her conclusion that Plaintiff is not disabled within the meaning of the Social Security Act.

**IV. CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #11] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #12] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This the 8th day of May, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge